KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

May 27, 2016

*Submitted via ECF*

Gino J. Agnello, Clerk
United States Court of Appeals
  for the Seventh Circuit
219 South Dearborn Street
Room 2722
Chicago, IL 60604

>   Re:   *Kleen Products LLC, et al. v. International Paper Co., et al.*,
>         Nos. 15-2385 & 15-2386

Dear Mr. Agnello:

I write pursuant to Rule 28(j) to address defendants' arguments concerning *Ebert v. General Mills, Inc.*, No. 15-1735 (8th Cir. May 20, 2016). *Ebert* involved claims by property owners that contamination had reduced property values and required remediation. *See* slip op. 3. The court found that individual issues would predominate as to liability and damages because of the need for "property-by-property assessment" of "the causal relationship between the actions of General Mills and the resulting . . . contamination." *Id.* at 9. *Ebert* thus resembles this Court's decision in *Parko v. Shell Oil Co.*, 739 F.3d 1083 (2014), which noted that, where a case involves "only individual issues that will vary from homeowner to homeowner," common issues do not predominate. *Id.* at 1087; *cf. Mejdrech v. Met-Coil Sys. Corp.*, 319 F.3d 910, 911 (7th Cir. 2003) (where "questions whether [defendant] leaked TCE in violation of law and whether the TCE reached the soil and groundwater beneath the homes . . . are common to all the class members," certification was proper). *Ebert* does not resemble a price-fixing case like this one.

Defendants use their letter to rehash matters already briefed and argued. They cannot deny that conspiracy is a common issue. Plaintiffs also put in substantial evidence – defendants' actions and statements, expert testimony on industry structure, and analysis of changes in pricing indices and actual transaction prices – to show that impact can be proven class-wide. Kleen Br. 29-44. Defendants' argument that factors other than alleged collusion affected the prices plaintiffs paid is a truism and does nothing to alter the fact that plaintiffs have proffered evidence to show that defendants' conspiracy led to price increases; the claim that plaintiffs' experts did not "control" for other factors is (as we have shown) wrong. *Id.* at 37-42, 48-51 (aggregate damages estimate controlled for factors other than collusion). Indeed, defendants' own experts

Gino J. Agnello, Clerk
May 27, 2016
Page 2

effectively conceded that a conspiracy would cause prices to increase market-wide. *See id*. at 33-34. The claim that plaintiffs' experts did not analyze the impact of the conspiracy on the price of finished products is likewise wrong. *See id.* at 39-42 (analyses of transaction prices).

        Sincerely,

        s/ *Aaron M. Panner*

        Aaron M. Panner
        *Counsel for Plaintiffs-Appellees*

Enclosure

cc:    Counsel of Record via ECF

## CERTIFICATE OF SERVICE

I hereby certify that, on May 27, 2016, I electronically filed the foregoing letter with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


 s/ *Aaron M. Panner*
Aaron M. Panner